EXHIBIT A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. ESSLINGER, GLORIA GLOVER, PEGGY COLTON, DESHEA HEAD, NANCY JANOWSKI, CYLINDA MCALISTER, JAMES W. MCKINNEY, MARGARET REENER, MARILYN RIVERA, ARDATH ROGERS, DWIGHT C. SAMUELS and CONSTANTINE YIANNACOPOULUS, individually and on behalf of all others similarly situated, | C.A. No. 2:10-CV-03213-BMS |
| Plaintiffs, | |
| v. | |
| HSBC BANK NEVADA, N.A., | |
| Defendant. | |

## [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

WHEREAS, subject to Court approval, Plaintiffs Edward T. Esslinger, Gloria Glover, Peggy Colton, DeShea Head, Nancy Janowski, Cylinda McAlister, James W. McKinney, Margaret Reener, Marilyn Rivera, Ardath Rogers, Dwight C. Samuels and Constantine Yiannacopoulus ("Plaintiffs" or "Settlement Class representatives"), on the one hand, and HSBC Bank Nevada, N.A., acting on behalf of itself, its affiliated persons and entities and all persons and entities acting for or on its behalf (collectively, "HSBC"), on the other hand, entered into a Settlement Agreement dated _____, 2012 (the "Settlement" or "Agreement"), which, together with the Exhibits attached

-1-

*DRAFT*

## EXHIBIT A

thereto, sets forth the terms and conditions for a proposed settlement of this action, as well as all claims made in the actions entitled McAlister v. HSBC Bank Nevada, N.A., No. 3:10-cv-05831-BHS (W.D. Wash. filed Nov. 14, 2010); Rizera [Rivera] v. HSBC Bank Nevada, N.A., et al., No. 1:10-03375-RMB-JS (D.N.J. filed July 2, 2010); Samuels v. HSBC Bank Nevada, N.A., et al., No. 1:11-cv-00548 (N.D. Ill. filed Jan. 25, 2011); McKinney v. HSBC Card Servs., Inc., et al., No. 3:10-cv-00786-JPG-SCW (S.D. Ill. filed Oct. 12, 2010); and Colton v. HSBC Bank Nevada, N.A., et al., No. 2:11-cv-03742-MMM-MAN (C.D. Cal. filed Apr. 29, 2011) (collectively, the "Actions"); and

WHEREAS, Plaintiffs have filed a Motion for Preliminary Approval of the Settlement, upon the terms and conditions in the Agreement (the "Motion"). The Court has received and reviewed (i) the Settlement Agreement and all Exhibits attached thereto; (ii) Plaintiffs' Motion; and (iii) all other pleadings and matters of record; and

WHEREAS, the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to Settlement Class members.

### NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Actions, the Settling Parties and all Settlement Class members.

2. The definitions and terms set forth in the Agreement are hereby adopted and incorporated into this Order.

3. Subject to this Court's authority to determine whether to finally approve the Settlement at the Final Approval Hearing described in Paragraph 19 of this Order:

(a) The Court hereby preliminarily approves the Agreement and the Settlement contemplated thereby, as being a fair, adequate and reasonable settlement to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and within the reasonable range of final approval, and as being the product of informed, arm's length negotiation by counsel, and directs the Settling Parties to proceed with the Settlement pursuant to the

-2-

DRAFT

## EXHIBIT A

terms and conditions of the Agreement and Exhibits attached thereto.

(b)     The terms of the Settlement Agreement are preliminarily approved for the purpose of providing the Class Notice to the Settlement Class.

4.     The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class in this action, subject to further consideration at the Final Approval Hearing:

> All persons in the United States who were enrolled in or billed for HSBC debt cancellation and debt suspension products between July 2, 2004 and [date of preliminary approval of the settlement].

5.     The Court hereby approves Plaintiffs as representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and finds that, for settlement purposes only, these representative plaintiffs have and will fairly and adequately protect the interests of the Settlement Class.

6.     The Court hereby also approves and designates as Co-Lead Class Counsel the law firms of Nagel Rice, LLP; Golomb & Honik, P.C.; and Taus Cebulash & Landau LLP. This Court preliminarily finds that based on (a) the work Class Counsel have done in identifying, investigating and prosecuting the claims in the Actions, (b) Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in the Actions and (c) Class Counsel's knowledge of the applicable law and the resources Class Counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. This Court authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the Settlement. Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

7.     Neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Settlement Agreement,

-3-

LA 51501863v2

DRAFT

EXHIBIT A

shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or Final Approval does not occur.

8.   Within fifteen (15) days after entry of this Court, HSBC shall pay $4,500,000 of the Settlement Amount into the Settlement Fund to make funds available to pay for costs of notice and settlement administration. Prior to the Final Approval Hearing, the Settling Parties shall select the Escrow Agent and negotiate with the Escrow Agent a mutually acceptable agreement (the "Escrow Agreement") that shall provide the terms and conditions governing the Settlement Fund. Notwithstanding any deadlines to the contrary in the Agreement, HSBC shall not be required to make any payment into the Settlement Fund until the Escrow Agreement has been executed.

9.   The Settlement Fund shall be subject to the continuing jurisdiction of the Court. The Escrow Agent shall not disburse any portion of the Settlement Fund except as provided for in the Agreement and with the written agreement of Class Counsel and counsel for HSBC or by order of the Court.

10.   The Court hereby finds and orders that the proposed Class Notice program set forth in Section III.C.2 of the Agreement, and the Claims Process set forth in Section III.D.2 of the Agreement, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provide the best notice practicable under the circumstances to the members of the Settlement Class, provide individual notice to all members of the Settlement Class who or which can be identified through reasonable effort and provide publication notice to the members of the Settlement Class.

11.   The Court hereby approves the form and substance of the Full Notice (attached to the Agreement as Exhibit H), the Statement Notice (attached to the Agreement as Exhibit B), the Email Notice (attached to the Agreement as Exhibit C), the Publication Notice (attached to the Agreement as Exhibit D), the Postcard Notice (attached to the Agreement as Exhibit E), the Claim Form (attached to the Agreement as Exhibit G) and the Internet Notice. The Court hereby instructs the Settling Parties to proceed with Class Notice in the manner and on the schedule

-4-

DRAFT

## EXHIBIT A

set forth in Sections III.C.2 and III.C.3 of the Agreement, provided that the Settling Parties, by agreement, may revise the Full Notice, the Statement Notice, the Email Notice, the Postcard Notice, the Publication Notice and/or the Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and clarity and may adjust the layout of those documents for efficient mailing and/or electronic presentation.

12.     HSBC and/or the Settlement Administrator shall be responsible for providing Class Notice of the preliminarily approved Settlement to the Settlement Class in accordance with the provisions of the Agreement and this Order.

13.     Within one hundred twenty days (120) of the entry of this Order, HSBC and/or the Settlement Administrator shall provide Class Notice to the Settlement Class in accordance with Section III.C.2 of the Agreement (the "Notice Deadline"). The deadline for submitting a claim shall be 120 days after the Notice Deadline.

14.     HSBC shall, at least fourteen (14) days prior to the Final Approval Hearing, file with the Court a declaration confirming that the Statement Notice was provided in accordance with the Agreement and describing the notices it provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

15.     The Settlement Administrator shall, at least fourteen (14) days prior to the Final Approval Hearing, file with the Court proof that Class Notice (other than Statement Notice) was provided in accordance with the Agreement.

16.     The Class Notice will inform members of the Settlement Class of their right to submit a request for exclusion, or "opt-out," from the conditionally-certified Settlement Class. The Class Notice will inform members of the Settlement Class that they may opt out of the Settlement by sending a written request ("Exclusion Request") to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the Settlement Class member for whose account(s) exclusion is requested; (ii) include the full name, address, telephone number and account number(s) (if known) of the Settlement Class

-5-

DRAFT

EXHIBIT A

member requesting exclusion; and (iii) include the following statement "I/we request to be excluded from the settlement in Esslinger v. HSBC Bank Nevada, N.A., United States District Court, Eastern District of Pennsylvania, Case No. 2:10-cv-03213-BMS." No Settlement Class member, or any person acting on behalf of or in concert or participation with that Settlement Class member, may exclude any other Settlement Class member from the Settlement Class, except that an opt-out by any one holder of an account shall apply to the account as a whole, including all named account holders/authorized users and all HSBC debt cancellation and debt suspension products in which the account was enrolled.

17.     If a timely and valid Exclusion Request is made by a member of the Settlement Class, then that person shall not be a Settlement Class member, and the Agreement and any determinations, judgments and/or orders concerning it shall not bind the excluded person.

18.     All Settlement Class members who do not opt out from the Settlement Class pursuant to the procedure set forth in the Agreement shall be bound by all determinations and judgments in this action concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in Section III.G of the Agreement.

19.     The Court's preliminary approval of the Settlement shall be subject to further consideration at the Final Approval Hearing to be held before this Court on ⊙ct 1, 2012 am . The Court will determine at or following the Final Approval Hearing whether the proposed settlement of the Actions on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class members and should be approved; whether the Final Approval Order and Judgment, as provided for in the Agreement, should be entered; and the amount of attorneys' fees and costs that should be awarded to Class Counsel, and the amount of service awards that should be awarded to Plaintiffs, as provided for in the Agreement. The date and time of the Final Approval Hearing shall be set forth in the Class Notice. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Agreement.

20.     The Settling Parties shall make the following additional filings:

-6-

DRAFT

EXHIBIT A

- By no later than twenty (20) days prior to the Final Approval Hearing, Class Counsel and/or counsel for HSBC shall file with the Court any papers in support of final approval of the Settlement, including any response to timely filed objections to the Settlement. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement.

- By no later than twenty-five (25) days after the Notice Deadline, Class Counsel shall file an application for: (a) an award of attorneys' fees and costs not to exceed 33% of the Settlement Amount before payment of costs of Class Notice and settlement administration; and (b) service awards to the Plaintiffs of no more than $3,500 each, all to be exclusively paid from the Settlement Fund. Subject to final approval, attorneys' fees and costs and service awards awarded by the Court shall be paid from the Settlement Fund within twenty (20) days following the later of entry of the Final Approval Order and Judgment and entry of any separate order awarding attorneys' fees, costs and service awards. HSBC agrees not to oppose an application for an award of attorneys' fees and costs and service awards that complies with the foregoing provisions.

- HSBC shall recover the balance of the Settlement Fund if the Effective Date does not occur for any reason, together with all interest accrued thereon.

- In the event the order approving attorneys' fees, costs and services awards is reversed on appeal, Class Counsel shall within ten (10) business days after the order reversing the order becomes final, deposit into the Settlement Fund an amount equal to the attorneys' fees, costs and service awards awarded, with accrued interest (if any).

- By no later than fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Clerk of this Court: (a) a list of Settlement Class members who made timely and proper Exclusion Requests; and (b) a response to any objection to the request for an award of attorneys' fees and costs to Class Counsel or service awards to Plaintiffs.

21. Any Settlement Class Member who has not properly and timely requested exclusion from the Settlement Class may object to the fairness, reasonableness or adequacy of the settlement, the application for an award of attorneys' fees and costs to Class Counsel and any compensation to be awarded to the Settlement Class representatives. Any such Settlement Class Member who wishes to assert an objection must file a written objection with the Clerk of the Court. Copies of the objection must also be mailed to: Class Counsel – Diane E. Sammons, Nagel Rice, LLP, 103 Eisenhower Parkway, Roseland, New Jersey 07068; and counsel for HSBC – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th

-7-

LA 51501863v2

DRAFT

EXHIBIT A

Floor, Los Angeles, California 90067. To be valid, each objection must include: (a) the name and case number of this case (Esslinger v. HSBC Bank Nevada, N.A., Case No. 2:10-cv-03213-BMS); (b) the objector's full name, address and account number (if known); (c) a detailed statement of the specific objections; (d) the grounds for the objections; and (e) any documents that the objector wishes the Court to consider. Any Settlement Class Member who has not properly and timely requested exclusion from the Settlement Class and has timely filed and served a written objection may also appear at the Final Approval Hearing in person or through counsel. Settlement Class Members or their counsel intending to appear at the Final Approval Hearing must file a notice of intention to appear with the Court and mail copies of the notice to Class Counsel and counsel for HSBC at the addresses above. Written objections and notices of intention to appear must be filed with the Court Clerk not later than forty-five (45) days after the Notice Deadline and mailed to Class Counsel and counsel for HSBC, postmarked no later than the last day to file the objection and notice of intention to appear. Any Settlement Class Member who does not provide a timely written objection in the manner described herein shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement or the award of any attorney fees and/or service awards. Any Settlement Class Member who does not timely file and serve a written objection and a notice of intention to appear in the manner described herein shall not be permitted to appear at the Final Approval Hearing.

22.     The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any Settlement Class member intending to attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time and location of the Final Approval Hearing with Class Counsel.

23.     All members of the Settlement Class, except those members of the Settlement Class who validly opt out and submit timely Exclusion Requests, shall be bound by all

-8-

LA 51501863v2

DRAFT

EXHIBIT A

determinations and judgments in this action, whether favorable or unfavorable to the Settlement Class.

24.    Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in this action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay shall be immediately terminated.

25.    Pending the final determination of whether the Settlement should be approved, the Plaintiffs and each Settlement Class member, and any person purportedly acting on behalf of any Settlement Class member(s), is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties; provided that this injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Settling Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent any Settlement Class member, or any person actually or purportedly acting on behalf of any Settlement Class member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement and the Settlement contemplated thereby, this Preliminary Approval Order and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

26.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement shall be without prejudice to the right of HSBC or the Settlement Class to assert any right or position that could have been asserted if this Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the Settling Parties shall return to

-9-

DRAFT

EXHIBIT A

the *status quo ante* in the Actions and the certification of the Settlement Class shall be deemed vacated. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.

27.     If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Settling Parties, the Settlement Class members and this action, in each case only with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class members.

28.     In the event that any of the provisions of this Preliminary Approval Order is asserted by HSBC as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Settling Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's flexibility and authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

29.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing by HSBC or the truth of any of the claims, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in

-10-

LA 51501863v2

DRAFT

EXHIBIT A

any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and/or the Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATED: 2·22·12

U.S.D.J.

-11-

DRAFT