IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD T. ESSLINGER, et al.,** | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **HSBC BANK NEVADA, N.A. and** | : | |
| **HSBC CARD SERVICES, INC.,** | : | No. 10-3213 |
| Defendants. | : | |

## ORDER

**AND NOW**, this **19th** day of **November, 2012**, upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and all supporting documents and responses thereto, Class Counsel's Application for Attorneys' Fees and Costs and all supporting documents, and following a Final Approval Hearing on October 1, 2012, and for the reasons provided in this Court's Memorandum dated November 19, 2012, it is hereby **ORDERED** that:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Document No. 108) is **GRANTED**.

2. The Settlement Agreement, including the exhibits, submitted to the Court on January 27, 2012, and the definition of words and terms contained therein are incorporated by reference in this Order, except that, in order to correct two typographical errors, "HSBC Bank USA, Inc." in Section III.G.1 of the Settlement Agreement shall read "HSBC Bank USA, N.A.," and in Section III.G.5 of the Settlement Agreement, "this Section III.G.6 " shall read "this Section III.G.5."

3. The Full Notice (attached to the Settlement Agreement as Exhibit H), the Statement Notice (attached to the Settlement Agreement as Exhibit B), the Email

      Notice (attached to the Settlement Agreement as Exhibit C), the Publication Notice (attached to the Settlement Agreement as Exhibit D) and the Postcard Notice (attached to the Settlement Agreement as Exhibit E) were disseminated and/or published in accordance with the terms set forth in the Settlement Agreement, and satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

4.     The Plaintiff Class, defined as follows, is hereby certified under Federal Rule of Civil Procedure 23(b)(3):

> All persons in the United States who were enrolled in or billed for HSBC debt cancellation and debt suspension products between July 2, 2004 and February 22, 2012.

5.     The notice provided by HSBC to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

6.     The Court hereby finally approves the Agreement and the Settlement contemplated thereby, including the plan of distribution of the Settlement Fund, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement to all Settlement Class members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

7.     The Court hereby dismisses the Second Amended and Consolidated Class Action Complaint with prejudice, without costs, except as expressly provided for in this Order.

8.     Upon Final Approval (including, without limitation, the exhaustion of any judicial

review, or requests for judicial review, from this Order), the Plaintiffs and each and every one of the Settlement Class members unconditionally, fully and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the plaintiffs and each and every one of the settlement Class members to the protections afforded under section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws are terminated.

9. Each and every Settlement Class member, and any person purportedly acting on behalf of any Settlement Class member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class, or putative class, private attorney-general, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

10. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability

or wrongdoing, by HSBC, or of the truth of any of the claims asserted in the Second Amended and Consolidated Class Action Complaint or in the complaints filed in the Actions, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

11. If for any reason the Settlement terminates, then the Second Amended and Consolidated Class Action Complaint shall be dismissed without prejudice, the operative Complaints shall be the Complaints filed in the prior Actions, and certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Settling Parties shall return to the *status quo ante* in the Actions, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

12. The Court determines that this Final Approval Order and Judgment complies in all respects with Rule 65(d)(1) of the Federal Rules of Civil Procedure.

13. Class Counsel's Application for Attorneys' Fees and Costs (Document No. 82) is **GRANTED** and the Court orders payment of $100,958.16 out of the Settlement Fund to reimburse Class Counsel for their expenses incurred in the prosecution of the Actions, which the Court finds to be fair and reasonable. Class Counsel are

also awarded $7,050,000 in reasonable attorneys' fees to be paid from the Settlement Fund.

14. The twelve representative Plaintiffs, Peggy Colton, Edward Esslinger, Gloria Glover, DeShea Head, Nancy Janowski, Cylinda McAlister, James McKinney, Margaret Reener, Marilyn Rivera, Ardath Rogers, Dwight Samuels, and Constantine Yiannacopoulos are awarded a service award of $3,500 each for their participation in this litigation.

15. Finding that there is no just reason for delay, the Court orders that this Order shall constitute a fianl judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**BY THE COURT:**

**Berle M. Schiller, J.**