UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. ESSLINGER, GLORIA GLOVER, ARDATH ROGERS, MARILYN RIVERA, DWIGHT C. SAMUELS, CLYINDA MCALISTER, PEGGY COLTON, CONSTANTINE YIANNACOPOULOS, DESHEA HEAD, JAMES W. MCKINNEY, NANCY JANOWSKI and MARGARET REENER, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC.<br><br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO: 2:10-cv-03213-BMS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**[PROPOSED] SETTLEMENT DISTRIBUTION ORDER**

WHEREAS, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the terms and conditions of the January 2012 Settlement Agreement (the "Settlement Agreement"); and

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on October 3, 2012, at which time all Class members were provided with an opportunity to be heard; and

WHEREAS, the Court entered an order on November 20, 2012 (the "Final Approval Order"), wherein the Court approved the Settlement, finding, *inter alia*, that the Settlement was fair, reasonable and adequate to the Settlement Class and its members ("Settlement Class Members") and that the notice to the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

WHEREAS, in this same order, the Court awarded counsel for Class Plaintiffs ("Class Counsel") attorneys' fees in the amount of $7,050,000 million and reimbursement of litigation expenses in the amount of $100,958.16. At this time, the Court also awarded each of the twelve Settlement Class Representatives a service fee in the amount of $3,500;

WHEREAS, the claims administrator, Heffler, Radetich & Saitta LLP ("Heffler" or the "Claims Administrator"), has incurred administration fees and expenses of $237,660.81, which remains to be paid.

WHEREAS, after the deduction of fees and expenses, there remains approximately $10,921,371.02 in the Settlement Fund (the "Net Settlement Fund") ready for distribution; and

WHEREAS, Class Counsel and Heffler have now completed all steps required for the administration, review, processing and validation of claims set forth in the Settlement Agreement, and have calculated, pursuant to the terms of the plan of allocation set forth in the Settlement Agreement and approved by this Court, the number of valid and completed claim forms submitted, and the total settlement award for each claimant; and

WHEREAS, Class Counsel and Heffler have determined that there are 143,888 Payable Claims, which includes 1,037 claims that were submitted after the October 20, 2012, deadline for filing claims, but are otherwise valid and in compliance with the requirements for submitting valid proofs of claim as set forth in Paragraph 4 of the Ronald Bertino Declaration;

WHEREAS, Class Counsel has applied to this Court for approval of the distribution of the Net Settlement Fund pursuant to the terms and conditions of the Settlement Agreement; and

WHEREAS, Class Counsel has applied to this Court for approval of payment to Heffler from the Net Settlement Fund for fees and expenses incurred in connection with settlement administration; and

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES AS FOLLOWS:

1. The Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by claimants fully complied with the notice and administration provisions set forth in the Settlement Agreement approved by this Court in the Final Approval Order.

2. The Court directs Class Counsel to pay all taxes owed by the Net Settlement Fund from the Net Settlement Fund.

3. The Court approves payment of the outstanding balance owed to Heffler in the amount of $237,660.81 for fees and expenses incurred in the administration process. Class Counsel is directed to pay such amount to Heffler from the Net Settlement Fund.

4. The Court allows all 143,888 complete and valid claims, including those filed timely and those received late, which are listed in Exhibit B to the Heffler Report (the Payable Claims), and directs payment from the proceeds of the Net Settlement Fund, after payment of all administrative fees and expenses allowed herein and taxes due or owing, to such claimants by August 29, 2013 or within two (2) weeks of the entry of this Order, whichever is later, on a *pro rata* basis with no Settlement Class Member recovering a *pro rata* share in excess of $150.

5. The Court finds that the claims of the Class members listed in Exhibit C of the Heffler Report, which were determined to be invalid, have been given a fair and reasonable opportunity to object to and/or appeal the rejection of all or part of their claims, and directs that all claims determined to be invalid are rejected. Such Class members were previously advised of the rejection of their claims, and no further notice is required.

6. The Court directs Class Counsel, together with Heffler, to continue administration of the Settlement pursuant to the Stipulation, the Final Approval Order, and this Order.

7. Any balance remaining in the Settlement Fund after payment of claims to Settlement Class Members and Settlement Costs, including the proceeds of any uncashed settlement checks (as of 90 days following and date of the check) shall be donated *cy pres* to recipient(s) mutually agreed to by the Settling Parties and approved by the Court.

8. All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the Net Settlement Fund, are released and discharged from any and all

claims arising out of such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

      9.     Class Counsel and Heffler are authorized to discard paper or hard copies of the Proof of Claim forms and other materials one year after the initial distribution of the Net Settlement Fund to eligible claimants, and electronic or magnetic media data three years after the initial distribution of the Net Settlement Fund to eligible claimants.

      10.    This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Approval Order.

IT IS SO ORDERED, this _____ day of _____, 2013.

                              **BY THE COURT:**

                              _____
                              **Berle M. Schiller, J.**