UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No: 2:10-cv-03213

EDWARD T. ESSLINGER, GLORIA GLOVER, ARDATH ROGERS, MARILYN RIVERA, DWIGHT C. SAMUELS, CLYINDA MCALISTER, PEGGY COLTON, CONSTANTINE YIANNACOPOULOS, DESHEA HEAD, JAMES W. MCKINNEY, NANCY JANOWSKI and MARGARET REENER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HSBC BANK NEVADA, N.A. and HSBC CARD SERVICES, INC.

Defendants.

### DECLARATION OF RONALD A. BERTINO, C.P.A. IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

I, Ronald A. Bertino, C.P.A., hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner of the Settlement Administration firm of Heffler Claims Group L.L.C. ("HCG" or the "Settlement Administrator"), the offices of which are at Suite 1700, 1515 Market Street, Philadelphia, Pennsylvania 19102. Lead Counsel for the Class retained HCG to act as the settlement administrator herein, and among other duties: (a) to mail settlement notices

(and proof of claim forms, if requested) to Class Members; (b) to cause the publication of summary notice; (c) to process all claims submitted by claimants in this action; and (d) to distribute the Net Settlement Fund to authorized claimants. I make this declaration in support of Lead Counsel for the Class' application for an Order: (a) approving the administrative actions taken by HCG in administering, accepting and rejecting the claims submitted by claimants herein; (b) requesting approval of payment to HCG of its fees and expenses in connection with the services performed and to be performed in providing notice to the Class, processing the proofs of claim, and the administration and distribution of the Settlement Fund; and (c) directing distribution of the Net Settlement Fund to eligible claimants whose claims have been deemed payable.

### **PROCEDURES FOLLOWED IN ACCEPTING AND REJECTING CLAIMS**

2. Under the terms of the Settlement Agreement, Class Members were required to submit a proof of claim form in order to obtain their share of the Net Settlement Fund.

3. The following are definitions of the terms used herein:

- A "Payable Claim" is a claim that is not deficient, and is being recommended for payment.

- A "Non-Payable Claim" has a fatal deficiency that has not been cured by the Claimant, is duplicative of another claim, or was withdrawn by the claimant, and is being recommended for rejection.

- "Settlement Fund" means the funds held in escrow as a qualified settlement fund by the Escrow Agent pursuant to the Settlement Agreement, including accrued interest.

4. Class Members were given the option of filing a claim electronically through the case's website, *www.EsslingerSettlement.com*, or by paper through the mail or facsimile. The Claimant had to have been enrolled in or billed for an HSBC Payment Protection Product between July 2, 2004 and February 23, 2012. The procedures followed by HCG in processing paper claims was to have all correspondence and claims submitted in this matter as delivered to our office or to the case mailing address. Envelopes received from either source were opened and sorted into correspondence (such as requests for claim forms) and actual proof of claim forms. The correspondence received was reviewed and appropriate responses provided. The claim forms were opened and each claim form was assigned a unique claim number. The information from each claim form, including the name and address of the claimant, their date of birth and the claimant's response to the Items 2, 3 and 4 on the claim form[1] was entered into our claims database. Claims filed electronically were completed by the claimant and loaded directly into our claims database.

5. HCG received a total of 167,468 Proofs of Claim through August 1, 2013. Of these, 166,196 Proofs of Claim were filed prior to the postmark filing deadline of October 20, 2012. A total of 1,272 Proofs of Claim were filed after the postmark filing deadline of October 20, 2012. Based upon our experience, it is recommended that these claims not be rejected solely on the grounds of having been filed late. Counsel for the parties have been informed of this recommendation and do not oppose it.

---

[1] Item 2 – the last four digits of their Social Security Number and/or the last four digits of any HSBC credit card account that was enrolled in a Payment Protection Product;
Item 3 – response to a statement "I was enrolled in or billed for an HSBC Payment Protection Product during the class period", and;
Item 4 – response to the situation applicable to claimant and their enrollment in the HSBC Product.

3

6. HCG established internal codes to identify and classify types of deficiencies and conditions that existed within the claims. Where a timely-filed claim lacked the required filing information or was otherwise deficient or incomplete, in whole or in part, a rejection letter was sent advising the claimant of the deficiency and requesting the submission of appropriate information or documentary evidence to cure the defect. A total of 5,309 initial deficiency letters were mailed. Copies of sample rejection letters are attached hereto as Exhibit A.

7. When a deficiency letter was sent, each claimant was notified that unless the deficiency was corrected within forty-five (45) days, the claim would be not entitled to participate. Documentation and information received in response to these letters was carefully reviewed and evaluated. If the response cleared the deficiency, the database was updated to reflect that change in the claim. A total of 1,984 corrections or responses were received that cured deficiencies and 3,325 rejected claims were not cured because there was no proper or timely response received from the claimant.

8. Of the 167,468 total persons or entities who have submitted claims herein, a total of 143,888 are deemed Payable Claims {Exhibit B}. The Claims Process calls for the valid claims to be segregated into three categories, and the Notice and Claim Form package provided an explanation for each category: "**Category 1**" are Settlement Class Members who submitted valid claims for $15 because they were dissatisfied with an HSBC Payment Protection product in which they were enrolled and for which they paid fees and did not previously receive a full refund of HSBC Payment Protection fees; "**Category 2**" are Settlement Class Members who submitted valid claims for $30 because they were enrolled in an HSBC Payment Protection product without consent and did not previously receive a full refund of HSBC Payment

4

Protection fees, did not receive HSBC Payment Protection benefits and were enrolled for twelve (12) months or less and "**Category 3**" are Settlement Class Members who submitted a valid claim form for $60 because they submitted a claim for HSBC Payment Protection benefits that were improperly denied and did not previously receive a full refund of HSBC Payment Protection fees. The allocation of the Payable Claims is:

|  | Claims |
|---|---|
| Category 1 | 19,539 |
| Category 2 | 59,325 |
| Category 3 | 65,024 |
| Totals: | 143,888 |

Category 1 claims are receiving approximately $28.59 per claim on a pro rata basis, Category 2 claims are receiving approximately $57.19 per claim on a pro rata basis and Category 3 claims are receiving approximately $114.38 per claim on a pro rata basis.

A total of 23,580 claimants have been rejected and are identified and maintained in our database as Non-Payable {Exhibit C}. The allocation of Non-Payable Claims is:

|  | Claims |
|---|---|
| Fatally Deficient Claims[2] | 6,912 |
| Previously Requested Exclusion | 5 |
| Duplicative | 16,663 |
| Total | 23,580 |

9.   HCG has taken all steps necessary to perform a thorough job of processing the

---

[2] This category includes those whose account or group number(s) are invalid, missing and/or unmatched.

5

claims and protecting the interests of each Class Member submitting a claim. No claims were rejected out-of-hand, and adequate efforts were made communicating with claimants and suggesting appropriate ways they could complete or document their claims and participate in the settlement. HCG handled telephone calls and letters from claimants courteously, and assisted Class Members to the fullest extent possible. The professional attitude and work product of HCG was, I believe, of the highest quality.

10. It is respectfully requested that the Court enter an Order approving the above determinations accepting and rejecting the claims submitted herein.

11. Unless otherwise directed, HCG will continue to receive, review and process any correspondence or information submitted by claimants with respect to their already-filed, timely Proofs of Claim. Should we receive adjustments to Proofs of Claim prior to distribution of the Net Settlement Fund, we will update our claims database with the new information. HCG will then report the updated totals to Plaintiffs' and Defense Counsel immediately prior to distribution.

## DISTRIBUTION

12. To calculate the amount being distributed per eligible claim, HCG followed the following steps. All "Payable Claims" were placed in their respective payout category. "Category 1" claims were allocated $15, "Category 2" claims were allocated $30 and "Category 3" claims were allocated $60. Claimants who filed more than one eligible claim were then grouped together to determine payments per individual class member. The amounts of individual payments were then pro-rated based upon the amount available to distribute from the

Settlement Fund. Per the Settlement Agreement, "no Settlement Class Member shall recover a pro rata share in excess of $150." Accordingly, any individual class member receiving a pro-rated payment in excess of $150 was capped at $150. Any Settlement funds distributed to eligible class members in excess of $150 were reallocated and pro-rated amongst class members who were receiving payments for less than $150. The amount available for disbursement totaled $10,921,371.02.

13. For security and internal and bank processing reasons, it is recommended that the distribution be on a conventional size check. If approved, the distribution would be for 143,888 claims, which includes 1,037 claims that were submitted after the October 20, 2012 deadline for filing claims. After combining claims for the same claimant, the number of checks total 132,032 for the $10,921,371.02 distribution amount.

## FEES AND DISBURSEMENTS

14. HCG, under the direction of Lead Counsel for the Class, was hired to mail copies of the Class notice and proof of claim forms to Class Members, to cause the publication of summary notice to the Class, to process all claims submitted by Class Members in these actions, and to distribute the Net Settlement Fund to authorized claimants. The total fees and expenses incurred by HCG and to be incurred throughout distribution and all post-distribution services is $5,373,570.83 (of which a total of $3,941,304.95 is for postage). This includes all costs incurred to mail the Notice, Claim Forms and the conventional checks. To date, $5,135,910.02 of this amount has been paid. Attached as Exhibit D is a copy of HCG's final bill, showing a balance due of $237,660.81 (of which a total of $85,003.32 is for postage).

## CONCLUSION

15. For the foregoing reasons, it is respectfully requested that this Court enter an Order: (1) approving HCG's administrative determinations accepting and rejecting claims as herein set forth; (2) approving HCG's fees and expenses as herein set forth; and (3) authorizing distribution of the Net Settlement Fund to the authorized claimants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on August 16, 2013.

*[signature]*
RONALD A. BERTINO, C.P.A.